**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CR 1:05-M-75A** |
| **v.** | : | |
| | : | |
| **CHUONG V. NGUYEN** | : | |

**UNITED STATE'S MEMORANDUM TO AID THE COURT IN DETERMINING WHETHER PROBABLE CAUSE EXISTS TO SUPPORT THE COMPLAINT**

## I. Introduction

On May 19, 2005, the United States charged the Defendant, Chuong V. Nguyen, by way of criminal complaint with violating 26 U.S.C. § 7202, willfully failing to deduct, collect and truthfully account for and pay over to the Internal Revenue Service (IRS) approximately $636,786 in federal income, medicare and Federal Insurance Contributions Act taxes due and owing to the United States. At Defendant's arraignment on June 1, 2005, Defense counsel indicated that, at least in part, Defendant's basis for requesting a preliminary hearing to challenge whether probable cause exists to charge him by way of a criminal complaint is based on the issue of whether the Complaint supports the conclusion that the Defendant was the "employer" for the individuals who worked for him. Because the statutory and case law relating to this issue are fairly complex, the United States submits the instant memorandum to assist the Court, and Defense counsel, in framing the issues for today's hearing.

## II. Background Law - Defendant's Obligation to Collect, Account For and Pay Over Federal Income and Employment Taxes

Defendant is charged with violating 26 U.S.C. § 7202. Section 7202 provides:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for

> and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7202. The taxes which the Defendant was required to collect, account for and pay over to the IRS on behalf of his employees fall into two categories: (1) taxes imposed pursuant to 21 I..R.C. § 3101-3128 relating to Federal Income Contributions Act (FICA) taxes, i.e. social security and medicare taxes; and (2) federal income taxes, 24 I.R.C. § 3401. See e.g. Cencast Services, L.P. v. United States, 62 Fed. Cl. 159, 160 (Fed. Cl. 2004); Armadillo Corp. v. Ennis, 561 F.2d 1382, 1385 n.3 (10th Cir. 1977). Section 3402 and sections 3101 and 3111 are the portions of the Code which state that the employer bears responsibility for withholding and paying income and employment taxes respectively. See 26 U.S.C. §§ 3402, 3403, 3102 (employee income and FICA taxes) and §§ 3101 and 3111 (employer portion of FICA).

The Internal Revenue Code defines "employer" as "the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person." 24 I.R.C. § 3401(d). Typically, an analysis of whether someone is liable as an employer to withhold and pay over income and employment taxes addresses the issue of whether the worker is properly characterized as an independent contractor of the employer or an employee. Common law agency principles as well as a twenty factor test published by the IRS guide such determinations. Consolidated Flooring Services v. United States, 38 Fed. Cl. 450, 454-55 (Fed. Cl. 1997). In making such a determination, all aspects of the relationship "must be assessed and weighed with no one factor being decisive." Id. (internal quotations omitted). As the United States will argue at the preliminary hearing, under the common law of agency probable cause exists to find that the

Defendant qualified as his workers' employer, was responsible to collect, account for and pay over income and FICA taxes on behalf of his employees and as such is liable under 26 U.S.C. § 7202.

In the alternative, however, under 24 I.R.C. § 3401(d)(1), "if the person for whom the individual performs or performed the services does not have control of the payment of the wages for such services, the term 'employer' (except for purposes of subsection (a)) means the person having control of the payment of such wages . . . ." 24 I.R.C. § 3401(d)(1).[1]

The "employer" referenced in § 3401(d)(1) is commonly referred to as the "statutory employer." Cencast Services, 62 Fed. Cl. at 162. An employee's statutory employer, possessing control over the payment of wages, is responsible for withholding, paying and reporting employees' federal income taxes. Id. Although the definition of employer described above appears in the section of the Internal Revenue Code dealing with withholding of income taxes, in Otte v. United States, 419 U.S. 43 (1974), the Supreme Court held that the definition of "employer" in I.R.C. § 3401(d) , as well as the exception contained in § 3401(d)(1), is properly incorporated into FICA. "Therefore, an employer having control over the payment of wages to an employee – even if the employee performed services solely for another party – was responsible for withholding the employee's FICA taxes along with his federal income taxes." Cencast Services, 62 Fed. Cl. at 179.

In Otte, the trustee of a bankrupt corporation contended that he did not have to withhold

[1] Subsection (a) referred to in § 3401(d)(1) deals with determining the wages paid to a particular employee and is not relevant to the instant case.

and pay FICA taxes on wages he paid to the corporation's employees. The Supreme Court held otherwise, finding that the bankruptcy trustee, as the statutory employer pursuant to § 3401(d)(1), was best situated to properly account for and pay FICA taxes. Since Otte, the Fourth, Sixth, Ninth, and Tenth Circuits, as well as the Circuit Court for the Court of Claims, have all held that it is the statutory employer's responsibility to report, withhold and pay income and FICA taxes for employees to whom it pays wages. See Consolidated Flooring Services, 38 Fed. Cl. at 457-59 (company's direct payment of wages to independent contractor's helpers constituted control over payment of wages sufficient to qualify company as statutory employer under § 3401(d)(1) and liable for withholding and paying employment taxes for independent contractor's helpers); Winstead v. United States, 109 F.3d 989, 991-92 (4th Cir. 1997) (employer who paid sharecroppers' day laborers from his person checking account held to be statutory employer liable for FICA and Federal Unemployment Tax Act (FUTA) taxes); Laub Baking Co. v. United States, 642 F.2d 196, 198-99 (6th Cir. 1981) (bankruptcy trustee liable under FICA and FUTA for withholding and paying employer portion of FICA and FUTA taxes for bankrupt corporation's employees); In re Southwest Restaurant Systems, Inc., 607 F.2d 1237, 1239-40 (9th Cir. 1979) (bankrupt corporation which employed bookkeeper to pay wages for itself and three additional corporations from bankrupt corporation's bank account held to be statutory employer for income tax purposes where checks for payment of wages and time cards submitted by all four corporations); Armadillo Corp., 561 F.2d at 1382-86 (bankruptcy trustee liable for withholding and paying wage related taxes under FICA and FUTA). The United States will argue at the preliminary hearing that the affidavit submitted in support of the Complaint supports a finding of probable cause that the Defendant qualified as his workers' statutory employer and thus may be

held liable under 26 U.S.C. § 7202 for willfully failing to collect, account for and pay over income and FICA taxes on behalf of his employees.

## III. Conclusion

Based upon the foregoing, at the hearing on June 6, 2005, the United States will ask that the Court find that the affidavit submitted in support of the Complaint supports the conclusion that there is probable cause to find that the Defendant violated 26 U.S.C. § 7202.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: June 6, 2005

DULCE DONOVAN
Assistant U.S. Attorney
50 Kennedy Plaza
Providence, Rhode Island 02903
(401) 709-5000

**Certificate of Service**

I hereby certify than on the 6th day of June, 2005, a copy of the within "United State's Memorandum to Aid the Court in Determining Whether Probable Cause Exists to Support the Complaint" was sent by telefacsimile (401-528-4285) and by first-class mail to Edward C. Roy, AFPD, Federal Public Defender's Office, 10 Weybosset Street, Suite 300, Providence, Rhode Island 02903.