UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 1:05M75A

CHUONG NGUYEN :

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**

The defendant, Chuong Nguyen, hereby submits this Memorandum Of Points And Authorities to assist the Court in determining if probable cause exists in this case.

## I. Statute

The defendant is charged with violating 26 U.S.C. § 7202 for allegedly being an employer, who failed to remit to the Internal Revenue Service taxes that he received. See Affidavit In Support Of Criminal Complaint, ¶ 4. The affidavit is replete with references to the defendant as being the employer of persons who were "leased" to various businesses, who, in turn, paid the defendant for the services of the "leased" workers. Affidavit In Support Of Criminal Complaint, ¶ 6.

Based upon the Criminal Complaint before the Court, it is clear that the Government claims that the defendant is an employer of the "leased" workers for whom he received funds from various businesses. An essential element of the offense charged then, is whether or not the defendant is an employer under the law. It follows logically that, if the defendant was not an employer, there can be no criminally enforceable duty to remit taxes to the IRS.

## II. Defendant Was Not The Employer Of The Leased Workers And Had No Criminally Enforceable Duty To Remit Taxes To The Internal Revenue Service

The determination of whether a given set of facts give rise to an employer-employee relationship is necessarily fact intensive. *See* 26 CFR § 31.3401 ( c )-1. Subsection (b) of 26 CFR § 31.3401( c )-1 states in pertinent part:

> " (b) Generally the relationship of employer and employee exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. "

26 CFR § 31.3401( c )-1 (b).

Significantly, Subsection (d) states:

> " (d) If the relationship of employer and employee exists, the designation or description of the relationship by the parties as anything other than that of employer and employee is immaterial. Thus, if such relationship exists, it is of no consequence that the employee is designated as a partner, coadventurer, agent, independent contractor, or the like. "

26 CFR § 31.3401 ( c )-1(d).

A companion section of the Code of Federal Regulations deals with the definition of employer, 26 CFR § 31.3401(d). In pertinent part, that section states:

> " (f) If the person for whom the services are or were performed does not have legal control of the payment of the wages for such services, the term 'employer' means (except for the purpose of the definition of 'wages') the person having such control. "

26 CFR § 31.3401(d).

Despite the fact that the scenario depicted in the Affidavit In Support Of Criminal Complaint is one where the businesses paid over money to the defendant, the businesses still had control over the payments, evidencing that the businesses were the ***de facto*** employers of the "leased" workers. ***See*** In re: Professional Security Services, Inc., 162 B.R. 901 (Bankr. MD FL 1993). In Professional Security Services, the issue before the court was whether or not

an employee leasing company or the bankruptcy debtor was responsible for federal withholding taxes. While the court ultimately deferred ruling on the merits of the cross motions for summary judgment, the court did reject the claim by the debtor that the fact that the leasing company paid wages made it responsible for the tax obligation.

> " In the instant case, it is clear that the Debtor clearly is the person for whom the guard perform services, and because PTI does not issue checks to the guards unless it first receives payment from the Debtor, the Debtor has actual control over the payment. In addition, the Debtor, not PTI, screened applicants for licenses, hired and discharged the guards, directed work assignments and determined the work schedules. "
>
> 162 B.R., at 904.

In the instant case, the fact that the defendant paid the "leased" workers directly after being paid by the ***de facto*** employers is compelling evidence of the fact that payment of wages was ultimately controlled by these businesses. Unlike most other employee "leasing" arrangements depicted in reported cases, [1] the defendant expects that the evidence in this case will show that there were no written agreements between the businesses and the defendant. In order for the Court to determine if the defendant was an employer, the Government needs more than "handshake" arrangements between the defendant and the ***de facto*** employers. As the United States District Court for the Middle District of Florida stated in United States v. Total Employment Co., Inc., 305 B.R. 333 ( MD FL 2004):

> " It is unnecessary for the Court to discuss the twenty factor test in this case because the parties have stipulated that AESI, the client company, is the common law employer of the leased employees. The common law employer has a non-delegable duty to timely perform its federal income tax obligations and cannot avoid its tax liability by contracting away the responsibility for the payment of wages. See United States v.

---

[1] See United States v. Total Employment Co., Inc., 305 B.R. 333 ( MD. FL. 2004)

Garami, 184 B.R. 834 ( M.D. Fla. 1995); In re Professional Security Services, Inc., 162 B.R. 901 (Bankr. M.D. Fla. 1993)"

Id., at 305 B.R., 338.

For all of these reasons, the defendant asks that this Honorable Court dismiss the charges filed against the defendant in the instant complaint.

CHUONG NGUYEN,
BY HIS ATTORNEY,

EDWARD C. ROY, ESQUIRE
ASSISTANT FEDERAL PUBLIC DEFENDER
10 WEYBOSSET STREET, SUITE 300
PROVIDENCE, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

I hereby certify that I hand-delivered a copy of the within to Dulce Donovan, AUSA on the 6th day of June, 2005.